UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NESTOR RODRIGUEZ,<br>2715 East Oak Road<br>Vineland, NJ 08361<br><br>         Plaintiff,<br><br>         v.<br><br>SUBURBAN PROPANE,<br>3110 NJ-73<br>Maple Shade Township, NJ 08052<br><br>         Defendant. | CIVIL ACTION NO:<br><br>COMPLAINT WITH JURY DEMAND |

### CIVIL ACTION COMPLAINT

Plaintiff Nestor Rodriguez (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Suburban Propane (hereinafter "Defendant").

### INTRODUCTION

1. Plaintiff has initiated this action to redress Defendant's violations of the Family and Medical Leave Act ("FMLA"), the New Jersey Law Against Discrimination ("NJLAD"), the New Jersey Workers' Compensation Law ("NJWCL"), and New Jersey common law. Defendant fired Plaintiff: 1) for requesting and/or taking medical leave protected by the FMLA, and/or 2) due to his disability, and/or 3) due to his perceived disability, and/or 4) for requesting a reasonable accommodation, and/or 5) for filing a worker's compensation claim. As a result of Defendant's conduct, Plaintiff suffered damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FMLA. This Court has jurisdiction over Plaintiff's state law claim(s), because they are supplemental to

1

Plaintiff's underlying federal claims and arise out of the same transaction or occurrence(s), having the same common nucleus of operative facts pursuant to 28 U.S.C. § 1367(a).

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. §§ 1397(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a company that does business within the state of New Jersey at the address set forth in the caption.

8. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. On or around September 21, 2010, Defendant hired Plaintiff as a driver.

11. During Plaintiff's employment with Defendant, Plaintiff also performed work as a technician.

12. On or about August 27, 2015, Plaintiff injured his left shoulder while working for Defendant.

13. Plaintiff filed a workers' compensation claim for this injury.

14. Plaintiff's physician diagnosed his left shoulder injury as a torn rotator cuff.

15. The next day, Plaintiff returned to work with a physician's note restricting him to light duty.

16. Plaintiff's physician also required him to undergo physical therapy around four (4) times per week, which Plaintiff scheduled during non-work hours.

17. Defendant initially accommodated Plaintiff's light duty restriction and assigned Plaintiff to work in the office and file paperwork.

18. However, on or about September 17, 2015, while Plaintiff was still on light duty, Plaintiff's supervisor, Phil Palmari (hereinafter "Supervisor Palmari"), ordered Plaintiff to perform a "pump out" of a propane tank, which would have required Plaintiff to perform work that violated his light duty restriction.

19. Plaintiff objected to Supervisor Palmari's orders, reminding Supervisor Palmari that his physician had not lifted his light duty work restriction and that performing a "pump out" violated said restriction.

20. Nonetheless, Supervisor Palmari told Plaintiff that if Plaintiff did not perform the pump out, Plaintiff "may not have a job to come back to."

21. Accordingly, Plaintiff drove to the work site to perform the pump out.

22. While Plaintiff was performing the pump out, the propane tank exploded, causing Plaintiff to fall and injure his right shoulder.

23. Plaintiff also suffered third degree burns on the left side of his body.

24. Plaintiff filed a workers' compensation claim for these injuries.

25. Plaintiff was immediately rushed by ambulance to the emergency room where he received treatment for his burns.

26. Plaintiff's treating physician placed him on medical leave for one (1) week and scheduled a follow-up appointment for Plaintiff at the end of said week.

27. Plaintiff called Supervisor Palmari and notified him of his injury and his need for one week of medical leave.

28. At Plaintiff's follow-up appointment, Plaintiff informed his physician that he was experiencing severe pain in his **right** shoulder and that he believed he had injured it during the explosion (Plaintiff had landed on his right shoulder).

29. Plaintiff's physician cleared him to return to work on light duty, ordered an MRI of Plaintiff's right shoulder, and scheduled Plaintiff for another follow-up appointment the following week.

30. The next day, Plaintiff returned to work and provided Supervisor Palmari with his physician's note restricting him to light duty.

31. About a week thereafter, Plaintiff underwent an MRI, and his physician diagnosed him with a torn rotator cuff in his right shoulder and further informed Plaintiff that he may require surgery to treat same.

32. In or around early December 2016, Plaintiff's physician confirmed that Plaintiff required surgery to treat his right shoulder injury.

33. Plaintiff filed claims for workers' compensation benefits due to his above-described work injuries.

34. Plaintiff notified Supervisor Palmari of his need for surgery and medical leave to undergo and recover from same.

35. Supervisor Palmari responded by saying: "Are you kidding me? You're going to be out all winter?"

36. Supervisor Palmari then informed Plaintiff that he would reduce the percentage of Plaintiff's anticipated year-end raise.

37. On or around February 5, 2016, Plaintiff underwent surgery on his right shoulder.

38. Plaintiff's physician directed him to remain out of work for eight (8) weeks to recover from his surgery.

39. At the conclusion of Plaintiff's eight-week medical leave in or around early April 2016, Plaintiff's physician cleared him to return to work with no restrictions.

40. When Plaintiff submitted his physician's note clearing him for full duty, Supervisor Palmari responded by saying: "Do you really want to get back to work on full duty? Because I don't want more problems with you. Last time you went out on a truck you got yourself injured when you were on light duty."

41. Supervisor Palmari additionally told Plaintiff not to injure himself, as Plaintiff's injuries were costing Defendant "too much money."

42. In or around mid-April, 2016, Defendant forced Plaintiff to re-take his propane certification test ("CEP Exam"), despite having valid certifications that had not expired.

43. Shortly thereafter, Supervisor Palmari claimed that Plaintiff failed the CEP Exam, and fired Plaintiff.

44. Supervisor Palmari refused to tell Plaintiff his CEP Exam score, or allow him to retake the exam, as was Defendant's practice with other employees.

45. Defendant's reason for firing Plaintiff was a pretext.

46. In reality, Defendant fired Plaintiff because he took FMLA-protected medical leave and/or because of his disability and/or perceived disability and/or his requests for accommodations of his disabilities and/or for filing claims for workers' compensation benefits.

## COUNT I
### Violations of the Family and Medical Leave Act
**(Interference)**

47. The foregoing paragraphs are incorporated herein as if set forth in full.

48. Plaintiff was an eligible employee under the definitional terms of the Family and Medical Leave Act.

49. As of September 2015, Plaintiff was employed by Defendant for at least twelve (12) months.

50. Further, Plaintiff worked at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of his first and second medical leaves beginning in September 2015 and February 2016, respectively.

51. Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks within 75 miles of Plaintiff's location where Plaintiff worked in 2014, 2015, and 2016.

52. Plaintiff required time off from work because of his disabilities.

53. Plaintiff's disabilities constituted serious health conditions within the meaning of the FMLA.

54. Plaintiff was entitled to receive leave under the FMLA for a total of twelve (12) workweeks, and Defendant was not permitted to interfere with Plaintiff's rights to same.

55. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with individualized written notice of his FMLA rights in August 2015, September 2015, and December 2015.

56. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated eligibility notice in in August 2015, September 2015, and December 2015.

57. Defendant interfered with Plaintiff's FMLA rights by failing to provide Plaintiff with an FMLA mandated rights and responsibilities notice in in August 2015, September 2015, and December 2015.

58. Defendant interfered with Plaintiff's FMLA rights by firing him in retaliation for having taken leaves that Defendant should have designated and treated as FMLA-protected leave.

59. Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff to prevent him from taking further FMLA leave.

60. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT II
## Violations of the Family and Medical Leave Act
### (Retaliation)

61. The foregoing paragraphs are incorporated herein as if set forth in full.

62. Defendant retaliated against Plaintiff by firing him for having taken leave that Defendant should have designated and treated as FMLA-protected leave.

63. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT III
### Violations of the New Jersey Law Against Discrimination (NJLAD)
### (Disability/Perceived Disability Discrimination)

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. At all times relevant herein, Plaintiff's medical conditions rendered him an individual with a disability/disabilities under the NJLAD.

66. At all times relevant herein, Defendant perceived Plaintiff to be suffering from a disability/disabilities within the meaning of the NJLAD.

67. Defendant fired Plaintiff because he suffered from a disability/disabilities and/or because Defendant perceived him as being disabled.

68. Defendant's actions as aforesaid constitute violations of the NJLAD and have caused Plaintiff to suffer damages.

## COUNT IV
### Violations of the New Jersey Law Against Discrimination (NJLAD)
### (Retaliation)

69. The foregoing paragraphs are incorporated herein as if set forth in full.

70. Plaintiff requested periods of time off from work due to his disability/disabilities.

71. Requesting accommodations for disabilities constitute protected activities under the NJLAD.

72. Defendant fired Plaintiff because he requested the aforementioned accommodations.

73. Defendant's aforementioned conduct constitutes retaliation pursuant to the NJLAD and has caused Plaintiff to suffer damages.

## COUNT V
## Violations of New Jersey Workers' Compensation Law ("NJWCL")
### (Retaliation)

74. The foregoing paragraphs are incorporated herein as if set forth in full.

75. An employer may not terminate an employee in retaliation for claiming benefits under the NJWCL.

76. Plaintiff filed claims for workers' compensation benefits due to his injuries in August and September 2015.

77. Defendant fired Plaintiff in retaliation for claiming workers' compensation benefits.

78. As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

## COUNT VI
## Violations of New Jersey Common Law (*Pierce* Claim)
### (Retaliation)

79. The foregoing paragraphs are incorporated herein as if set forth in full.

80. An employer may not terminate an employee in violation of a clearly mandated public policy, Pierce v. Ortho Pharmaceutical Corp., 417 A. 2d 505 (N.J. 1980).

81. Plaintiff engaged in a protected activity by asserting a worker's compensation claim.

82. Upon Plaintiff's return from his leave related to his worker's compensation injury, Defendants fired him.

83. Defendants fired Plaintiff, at least in part, because he asserted a worker's compensation claim.

84. As a result of Defendants' unlawful actions, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their need to take FMLA qualifying leaves and/or their disabilities and/or their claims for workers' compensation benefits;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C. Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded liquidated damages under the FMLA;

E. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

F. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*/s/ Matthew Miller*
Matthew Miller, Esq.

                                                Richard S. Swartz, Esq.
                                                1101 Kings Highway North
                                                Suite 402
                                                Cherry Hill, NJ 08034
                                                (856) 685-7420 Tel
                                                (856) 685-7417 Fax

Dated: July 18, 2017

## **DEMAND TO PRESERVE EVIDENCE**

1.       Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to his cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.